UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
COURTNEY LEE ADAMS, THOMAS
ADAMSON, CHRIS AGNESE, SARAH ALDEN,
CHRISTINA ARGYROS, SABINE
ARONOWSKY, EUGENI AVERBAKH, SCOTT
BEIBIN, CHRISTINA BENSON, STEVEN
BLACK, JAIE BOSSE, LIAM BURNELL,
DAVID CASTILLO, EDWARD CODEL,
BENJAMIN CODY, GABRIEL COHN, ERIC
CORLEY, NANCY DIAMOND, RYAN
DOXTADER, YASMINE FARHANG, MICHAEL
FIX, JOHN FLANIGAN, MARLENE FLATON,
NAIMAH FOWLER, AMELIA GEOCOS,
DAVID GEOCOS, JENNIFER GILES, MICHAEL
GINDI, DANIEL GINGOLD, TREVOR GIULIANI,
ZACHARY GOLDSTEIN, JAMES GRAHAM,
BARBARA JANE HARDEN JONES, ERIK
HENRIKSEN, LILY HUGHES-DUNN, BRIAN
HURLEY, AISHA JABOUR, JUANPABLO
JUAREZ, CLIFFORD KAPLAN, SANDOR KATZ,
THOMAS KENNEDY, KRISTIN KOJIS,
JENNIFER LAHN, NADGIA LARA, CAITLIN
LEMMO, ALTHEA LEWIS, RICHARD LOVEJOY,
BRIAN LUCREZIA, DAVID MADDOX, AARON
MARET, LISA MARTIN, JANET MILLER, ERIC
MORSON, SCOTT O'DIERNO, EMILY PAINE,
SARAH PALMER, JEFFREY PARROTT, BETH
PELLER, DANIEL PERRY, CAROLINE PIERCE,
ROBERT PONCE, DANA PRYOR, DANIEL REED,
TRENTON REICH, MICHAEL REILLY, ANGEL
RIVERA, JESSE ROSEMOORE, CYNTHIA ROSIN,
DENISE RUBINFELD, RUE SAKAYAMA,
DOMINICK SASSONE, MIHO
SCHUTZENHOFER, NAZIE SHEKARCHI,
CHRISTOPHER SHORTRIDGE, ALEXIS
SHOTWELL, ARIELLE SOLOFF, JAMES STEITZ,
SADA STIPE, REBECCA SUTTON, JESSICA
TAFT, SIDNEY VAULT, ROGER VILANOVA
MARQUES, NOAH WEISS, SETH WESSLER,
ADRIANNE WILCOX, REBECCA WOOD,
DAVID ZALK and DANIEL ZARRELLA,

Plaintiffs,

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF Case**

 **05 CV 9484**

-against-

THE CITY OF NEW YORK, JAMES ESSIG,
JOSEPH LAMENDOLA, JEREMIAH MALONE,
CUONG NGUYEN, VICTOR PEREZ,
JONATHAN QUIMBY, REMY RANDALL,
JAMES RUFLE, DANIEL RYAN, and JOHN and
JANE DOES,

                              Defendants.
----------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiffs seek relief for the defendants'

violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the

United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments, and by

the laws and Constitution of the State of New York.  The plaintiffs seek damages, both

compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys'

fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.     This action is brought pursuant to the Constitution of the United States, including

its First, Fourth, Fifth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.

Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and

1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs'

constitutional and civil rights.

3.     The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to

claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.     Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICES OF CLAIM

6.     Plaintiffs COURTNEY LEE ADAMS, THOMAS ADAMSON, CHRIS AGNESE, CHRISTINA ARGYROS, SABINE ARONOWSKY, EUGENI AVERBAKH, SCOTT BEIBIN, CHRISTINA BENSON, STEVEN BLACK,  JAIE BOSSE, LIAM BURNELL, DAVID CASTILLO, EDWARD CODEL, GABRIEL COHN, ERIC CORLEY, MARLENE FLATON, NAIMAH FOWLER, MICHAEL GINDI, TREVOR GIULIANI, ZACHARY GOLDSTEIN, JAMES GRAHAM, LILY HUGHES-DUNN,  AISHA JABOUR, JUANPABLO JUAREZ, CLIFFORD KAPLAN, SANDOR KATZ, KRISTIN KOJIS, CAITLIN LEMMO, ALTHEA LEWIS, LISA MARTIN, JANET MILLER, ERIC MORSON, SCOTT O'DIERNO, EMILY PAINE, SARAH PALMER, JEFFREY PARROTT, DANIEL PERRY, DANA PRYOR, MICHAEL REILLY, ANGEL RIVERA, JESSE ROSEMOORE, CYNTHIA ROSIN, DENISE RUBINFELD, RUE SAKAYAMA, DOMINICK SASSONE, MIHO SCHUTZENHOFER, NAZIE SHEKARCHI, JAMES STEITZ, SADA STIPE, JESSICA TAFT, SIDNEY VAULT, ROGER VILANOVA MARQUES and NOAH WEISS filed Notices of Claim with the

3

Comptroller of the City of New York within 90 days of the events complained of herein.  More

than 30 days have elapsed since the filing of the Notices of Claim, and adjustment or payment

thereof has been neglected or refused.

## PARTIES

7.     Plaintiffs are citizens, residents, or were otherwise lawfully in the United States at

the time of the events complained of herein.

8.     Defendant THE CITY OF NEW YORK is and was at all times relevant herein a

municipal entity created and authorized under the laws of the State of New York.  It is authorized

by law to maintain a police department, which acts as its agent in the area of law enforcement

and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the

risks incidental to the maintenance of a police force and the employment of police officers as said

risk attaches to the public consumers of the services provided by the New York City Police

Department.

9.     Defendants JAMES ESSIG, JOSEPH LAMENDOLA, JEREMIAH MALONE,

CUONG NGUYEN, VICTOR PEREZ, JONATHAN QUIMBY, REMY RANDALL,

JAMES RUFLE, DANIEL RYAN, and JOHN and JANE DOES are and were at all times

relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY

OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant

THE CITY OF NEW YORK.  The aforenamed defendants are and were at all times relevant

herein acting under color of state law in the course and scope of their duties and functions as

officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting

for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW

4

YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## STATEMENT OF RELEVANT FACTS

10.    On August 31, 2004, at approximately 7:00 p.m., plaintiffs were in the vicinity of Union Square, New York, New York.  Many of the plaintiffs were there to express their political opinions related to the Republican National Convention, which was being held in New York City at that time.

11.    A number of people, including people playing musical instruments, entered the roadway of Union Square East.  Some of them carried signs or banners, some were chanting. Defendants ESSIG and DOES ordered police officers to form a line across the roadway of Union Square East at the north side of the intersection with East 16th Street.  The line of officers directed anyone approaching from the south or west, including plaintiffs, to move eastward onto East 16th Street toward Irving Place, which was the next north-south cross street.  Some of the plaintiffs were in the roadway, some were on the sidewalk.

12.    After several hundred people had moved onto East 16th Street, traveling on both sidewalks and in the roadway, police officers closed off egress from the block by forming a line across East 16th Street at Irving Place, at the direction of defendants ESSIG and DOES.  Officers were also ordered to prevent egress at the Union Square end of the block.

13.    Plaintiffs, who were all on East 16th Street between Union Square East and Irving Place when officers closed off both ends of the block, were placed under arrest by defendants ESSIG, LAMENDOLA, MALONE, NGUYEN, PEREZ, QUIMBY, RANDALL, RUFLE, RYAN and DOES.  Plaintiffs were charged with Parading Without a Permit and Disorderly

5

Conduct.

14.     When plaintiffs approached East 16th Street, and throughout the time plaintiffs were on East 16th Street, there was a visible police presence in the area, and plaintiffs followed all directions and instructions given by police officers.  At no time were plaintiffs advised or permitted to disperse, advised that their conduct might be considered illegal, or advised that their presence or conduct would subject them to arrest.

15.     Subsequent to their arrest, most plaintiffs were removed to Pier 57.  At some point, each plaintiff was removed to Central Booking at 100 Centre Street.

16.     During plaintiffs' detention, various plaintiffs were placed in excessively tight handcuffs, and handcuffs were applied for excessive periods of time.  Plaintiffs were not provided adequate facilities and materials for sleeping, sitting, toileting, and personal hygiene, and were denied adequate medical care.  Many plaintiffs were confined and transported in over-heated vehicles, were denied adequate medical care, were pepper sprayed, verbally harassed, and were subjected to other means of inflicting pain and discomfort.  Plaintiffs detained at Pier 57 were forced to come into intimate contact with noxious and irritating substances, including, on information and belief, toxic chemicals in the air and on the walls and floor of Pier 57.

17.     All criminal charges against plaintiffs were subsequently dismissed.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

18.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

6

19.     By their conduct and actions in causing the arrest and imprisonment of plaintiffs, and in arresting and imprisoning plaintiffs, by preventing plaintiffs from engaging in protected First Amendment conduct, by retaliating against plaintiffs because of their perceived exercise of First Amendment rights, by violating the arrestees' Fourteenth Amendment rights to equal protection, by using excessive force, by detaining plaintiffs for an excessive amount of time, by detaining plaintiffs under cruel and inhumane conditions at a facility which was not suitable for the detention of arrestees, by deliberate indifference to medical needs, and by maliciously prosecuting plaintiffs, defendants ESSIG, LAMENDOLA, MALONE, NGUYEN, PEREZ, QUIMBY, RANDALL, RUFLE, RYAN, and DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth, and Fourteenth Amendments.

20.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

21.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

22.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein, including: (a) the arrest of persons lawfully participating in, observing, or in the vicinity of demonstrations, protests or other forms of public expression during the Republican National Convention; (b) the unreasonably long detentions of such persons arrested on minor charges; (c) the detention of such persons under cruel and inhumane conditions at a facility which was not suitable for the detention of arrestees; (d) the infliction of pain and suffering upon such persons, including by the use of excessive force, keeping arrestees in handcuffs for extended periods of time, applying extremely tight handcuffs, denying toileting and personal hygiene facilities and supplies, denying adequate facilities to sit or sleep, confining and transporting in over-heated vehicles, exposure to irritants, denial of adequate medical care, pepper spraying, verbal harassment, and other means of inflicting pain and discomfort; (e) enforcement of an unconstitutional statute, New York City Administrative Code section 10.110, Parading Without a Permit; and (f) the application of that statute to sidewalk marches.  Each such policy, practice, custom and usage caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments.

23.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

## THIRD CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

24.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

25.     By the actions described above, defendants falsely arrested and imprisoned plaintiffs, or caused them to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

26.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

## FOURTH CLAIM

### ASSAULT AND BATTERY

27.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28.     By the actions described above, defendants did inflict assault and battery upon plaintiffs.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

9

29.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

## FIFTH CLAIM

### MALICIOUS PROSECUTION

30.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31.     By the actions described above, defendants maliciously prosecuted plaintiffs CHRISTINA BENSON, LIAM BURNELL, ERIC CORLEY, TREVOR GIULIANI, ALTHEA LEWIS, DANA PRYOR, CYNTHIA ROSIN, and SIDNEY VAULT, without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

32.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

## SIXTH CLAIM

### NEGLIGENCE

33.     The plaintiffs incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

34.     Defendants, jointly and severally, negligently caused injuries, emotional distress and damage to plaintiffs.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

35.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

**WHEREFORE**, plaintiffs demand the following relief jointly and severally against all of the defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  The convening and empaneling of a jury to consider the merits of the claims herein;

d.  Pre- and post-judgment costs, interest and attorney's fees;

e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:          New York, New York
                November 8, 2005

                                        MICHAEL L. SPIEGEL (MS 0856)
                                        111 Broadway, Suite 1305
                                        New York, New York 10006
                                        (212) 587-8558

                                        NORMAN FREDERICK BEST (NB 1968)
                                        575 Madison Avenue, 10th Floor
                                        New York, New York 10022
                                        (212) 671-0122

                                        *Attorneys for Plaintiffs*

                        By:     _____
                                Michael L. Spiegel (MS 0856)

12