

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/26/06

JEFFREY A. DOUGHERTY
*Special Assistant Corporation Counsel*
Room 6-122
Telephone: (212) 788-8342
Facsimile: (212) 788-9776
jdougher@law.nyc.gov

July 25, 2006

**BY FACSIMILE**
The Honorable James C. Francis IV
United States Magistrate Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, New York 10007-1312

Re:   *Adams v. City of New York, et al.* 05 CV 9484 (KMK)(JCF)
      *Bastidas v. City of New York, et al.* 05 CV 7670 (KMK)(JCF)
      *Grosso v. City of New York, et al.* 05 CV 5080 (KMK)(JCF)

> DOCKET IN ALL CASES

Dear Judge Francis:

     I write regarding the scheduling of NYPD Officer Derek Baity's deposition. Defendants agreed to produce Officer Baity on July 27, 2006 and July 28, 2006 under the premise that he was going to be collectively deposed by RNC plaintiffs' counsel Rick Best/Michael Spiegel, Jeffrey Rothman and Robert Finkelstein in their respective RNC cases, *Adams*, *Bastidas* and *Grosso*. Officer Baity was the arresting officer for their respective clients at East 16th Street on August 31, 2004. The stated goal of defendants was to produce Officer Baity for his deposition once and have all counsel participate on July 27 and July 28.

     Mr. Best and Mr. Spiegel (plaintiffs' counsel in *Adams*) have recently advised that they will not participate in the Baity deposition currently scheduled for July 27 and 28 because they want to wait until certain issues regarding the global production of RNC arrest records are resolved. Defendants' scheduled this deposition upon the belief that counsel in the *Adams* case were planning on attending.

     Mssrs. Rothman and Finkelstein oppose an adjournment of the deposition, thus placing defendants the awkward position of having two plaintiff's counsel seeking to proceed and another wanting to wait.

In conclusion, defendants should not be required to produce Officer Baity in July for Mssrs. Rothman and Finkelstein and then again in the Fall for Mssrs. Spiegel and Best. Accordingly, defendants respectfully request that the Court either: (1) order that the deposition of Officer Baity be adjourned until the resolution of the outstanding issues regarding production of all RNC arrest documents so that he need not be produced twice; or (2) order that counsel in the Adams case (Spiegel/Best) either participate in the deposition on July 27 and 28 or waive their right to depose Officer Baity thereafter.

Very truly yours,

*Jeffrey A. Dougherty*

Jeffrey A. Dougherty

cc: Michael L. Spiegel, Esq. (by Facsimile)
Rick Best, Esq. (by Facsimile)
Jeffrey Rothman, Esq. (by Facsimile)
Robert Finkelstein, Esq. (by Facsimile)

7/25/06

The deposition of officer Baity shall proceed as scheduled with all interested plaintiffs' counsel participating. In the event that determination of global discovery issues results in production of documents relevant to Officer Baity's testimony, plaintiffs can apply to recall him to address the newly produced information. SO ORDERED.

James C. Francis IV
USMJ