UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

COURTNEY LEE ADAMS, et al.,

                             Plaintiffs,

        -against-

THE CITY OF NEW YORK; GERALD DEICKMANN, JAMES ESSIG, JOSEPH LAMENDOLA, JEREMIAH MALONE, CUONG NGUYEN, VICTOR PEREZ, JONATHAN QUIMBY, REMY RANDALL, JAMES RUFLE, DANIEL RYAN, and JOHN and JANE DOES,

                             Defendants.

**DEFENDANT REMY RANDALL'S ANSWER TO AMENDED COMPLAINT**

05 CV 9484 (KMK) (JCF)

------------------------------------------------------------------------- x

       Defendant Remy Randall ("Defendant"), by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to Plaintiffs' Amended Complaint ("Amended Complaint"), respectfully allege as follows:

**AS TO "PRELIMINARY STATEMENT"**

       1.    Defendants deny the allegations set forth in Paragraph 1 of the Amended Complaint, except admit that Plaintiffs purport to bring this action as stated therein.

**AS TO "JURISDICTION"**

       2.    Defendants deny the allegations set forth in Paragraph 2 of the Amended Complaint, except admit that Plaintiffs purport to invoke the Court's jurisdiction as stated therein.

3.   Defendants deny the allegations set forth in Paragraph 3 of the Amended Complaint, except admit that Plaintiffs purport to invoke the Court's supplemental jurisdiction as stated therein.

### AS TO "JURY TRIAL DEMANDED"

4.   Defendants deny the allegations set forth in Paragraph 4 of the Amended Complaint, except admit that Plaintiffs demand a trial by jury.

### AS TO "VENUE"

5.   Defendants deny the allegations set forth in Paragraph 5 of the Amended Complaint, except admit that Plaintiffs purport to base venue as stated therein.

### AS TO "NOTICES OF CLAIM"

6.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Amended Complaint.

### AS TO "PARTIES"

7.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Amended Complaint.

8.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Amended Complaint.

9.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Amended Complaint except admit that

Defendant Randall was formerly employed by the New York City Police Department (the "NYPD").

## AS TO "STATEMENT OF RELEVANT FACTS"

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Amended Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Amended Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Amended Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Amended Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Amended Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Amended Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Amended Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Amended Complaint.

## AS TO "FIRST CLAIM"

18. Defendants incorporate by reference their responses set forth in all preceding paragraphs as if fully set forth herein.

19. Defendants deny the allegations set forth in Paragraph 19 of the Amended Complaint, but deny all allegations as they pertain to Defendant Randall.

20. Defendants deny the allegations set forth in Paragraph 19 of the Amended Complaint.

## AS TO "SECOND CLAIM"

21. Defendants incorporate by reference their responses set forth in all preceding paragraphs as if fully set forth herein.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Amended Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Amended Complaint.

## AS TO "THIRD CLAIM"

24. Defendants incorporate by reference their responses set forth in all preceding paragraphs as if fully set forth herein.

25. Defendants deny the allegations set forth in Paragraph 25 of the Amended Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Amended Complaint.

### AS TO "FOURTH CLAIM"

27. Defendants incorporate by reference their responses set forth in all preceding paragraphs as if fully set forth herein.

28. Defendants the allegations set forth in Paragraph 28 of the Amended Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of the Amended Complaint.

### AS TO "FIFTH CLAIM"

30. Defendants incorporate by reference their responses set forth in all preceding paragraphs as if fully set forth herein.

31. Defendants deny the allegations set forth in Paragraph 31 of the Amended Complaint.

32. Defendants deny the allegations set forth in Paragraph 32 of the Amended Complaint.

### AS TO "SIXTH CLAIM"

33. Defendants incorporate by reference their responses set forth in all preceding paragraphs as if fully set forth herein.

34. Defendants deny the allegations set forth in Paragraph 34 of the Amended Complaint.

35. Defendants deny the allegations set forth in Paragraph 35 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

36. The Amended Complaint fails in whole or in part to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

37. There was probable cause for Plaintiffs' arrests, detentions, and/or prosecutions.

## THIRD AFFIRMATIVE DEFENSE

38. Any and all injuries alleged in the Amended Complaint were caused, in whole or in part, by Plaintiffs' culpable, negligent, or intervening conduct and were not the proximate result of any act of Defendant.

## FOURTH AFFIRMATIVE DEFENSE

39. This action is barred in whole or in part by the doctrines of res judicata and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

40. Defendant has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, are entitled to qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

41. Punitive damages cannot be recovered against Defendant and, if available, the amount of such damages shall be limited by applicable state and federal constitutional provisions, including due process and other provisions of law.

### SEVENTH AFFIRMATIVE DEFENSE

42. Defendant has not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### EIGHTH AFFIRMATIVE DEFENSE

43. At all times relevant to the acts alleged in the Amended Complaint, Defendant acted reasonably in the proper and lawful exercise of his discretion.

### NINTH AFFIRMATIVE DEFENSE

44. At all times relevant to the acts alleged in the Amended Complaint, Defendant acted reasonably in the proper and lawful exercise of his discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### TENTH AFFIRMATIVE DEFENSE

45. Plaintiffs' claims are barred, in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §50-e and §50-i.

### ELEVENTH AFFIRMATIVE DEFENSE

46. Plaintiffs' claims are barred, in part, by the applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

47. Plaintiffs' claims are barred in part by the doctrine of absolute immunity.

### THIRTEENTH AFFIRMATIVE DEFENSE

48. To the extent Defendant used any force it was reasonable, necessary, and justified to accomplish his official duties and to protect his own physical safety and the physical safety of others.

### FOURTEENTH AFFIRMATIVE DEFENSE

49. Plaintiffs failed to mitigate their damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

50. Plaintiffs consented to the acts about which they complain.

### SIXTEENTH AFFIRMATIVE DEFENSE

51. Plaintiffs' claims are barred, in whole or in part, by their contributory or comparative negligence and by their assumption of the risk.

**WHEREFORE,** Defendant requests judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 10, 2006

                      MICHAEL A. CARDOZO
                      Corporation Counsel of the City of New York
                      Attorney for Defendants
                      100 Church Street, Room 6-122
                      New York, New York 10007
                      212-788-8342

By:         /s/
                Jeffrey A. Dougherty (JD 5224)
                Special Assistant Corporation Counsel
                Special Federal Litigation Division

**Index Number 05 CV 9484 (KMK)(JCF)**

| |
|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** |
| **COURTNEY LEE ADAMS, et al.,**<br><br>                              **Plaintiffs,**<br><br>                 **-against-**<br><br>**CITY OF NEW YORK, et al.,**<br><br>                              **Defendants..** |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant Remy Randall*<br>*100 Church Street*<br>*New York, N.Y.  10007*<br>*Of Counsel: Jeffrey A. Dougherty*<br><br>*Tel:  (212) 788-8342*<br>*NYCLIS No. 05 SF 022702* |
| *Due and timely service by ECF is hereby admitted.*<br><br>*New York, New York  August 10, 2006*<br><br>*Jeffrey A. Dougherty, Esq.*<br><br>*Attorney for Defendant Remy Randall* |