**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x

**COURTNEY LEE ADAMS, et al.,**

                      **Plaintiffs,**

        **-against-**

**THE CITY OF NEW YORK; GERALD**
**DEICKMANN, JAMES ESSIG, JOSEPH**
**LAMENDOLA, JEREMIAH MALONE, CUONG**
**NGUYEN, VICTOR PEREZ, JONATHAN QUIMBY,**
**REMY RANDALL, JAMES RUFLE, DANIEL RYAN,**
**and JOHN and JANE DOES,**

                  **Defendants.**

------------------------------------------------------------------------ x

**ANSWER TO SECOND**
**AMENDED COMPLAINT**

**05 CV 9484 (KMK) (JCF)**

        Defendants the City of New York, Gerald Deickmann, James Essig, Joseph Lamendola, Jeremiah Malone, Cuong Nguyen, Victor Perez, Jonathan Quimby, Remy Randall, James Rufle and Daniel Ryan (collectively "Defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to Plaintiffs' Second Amended Complaint ("Second Amended Complaint"), respectfully allege as follows:

<b>AS TO "PRELIMINARY STATEMENT"</b>

        1.    Defendants deny the allegations set forth in Paragraph 1 of the Second Amended Complaint, except admit that Plaintiffs purport to bring this action as stated therein.

<b>AS TO "JURISDICTION"</b>

        2.    Defendants deny the allegations set forth in Paragraph 2 of the Second Amended Complaint, except admit that Plaintiffs purport to invoke the Court's jurisdiction as stated therein.

3.     Defendants deny the allegations set forth in Paragraph 3 of the Second Amended Complaint, except admit that Plaintiffs purport to invoke the Court's supplemental jurisdiction as stated therein.

## AS TO "JURY TRIAL DEMANDED"

4.     Defendants deny the allegations set forth in Paragraph 4 of the Second Amended Complaint, except admit that Plaintiffs demand a trial by jury.

## AS TO "VENUE"

5.     Defendants deny the allegations set forth in Paragraph 5 of the Second Amended Complaint, except admit that Plaintiffs purport to base venue as stated therein.

## AS TO "NOTICES OF CLAIM"

6.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Second Amended Complaint.

## AS TO "PARTIES"

7.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Second Amended Complaint.

8.     Defendants deny the allegations set forth in Paragraph 8 of the Second Amended Complaint, except admit that Defendant City of New York is a municipal corporation duly organized and operating under the laws of the State of New York.

9.     Defendants deny the allegations set forth in Paragraph 9 of the Second Amended Complaint, except admit that: defendants Essig, Deickmann, Lamendola, Malone, Nguyen, Perez, Quimby, Rufle and Ryan are employed by the New York City Police Department (the "NYPD").  Defendant Randall is retired from employment with the NYPD.

## AS TO "STATEMENT OF RELEVANT FACTS"

10.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Second Amended Complaint, except admit that the Republican National Convention (the "RNC") was held in New York City in late August and early September 2004.

11.     Defendants deny the allegations set forth in Paragraph 11 of the Second Amended Complaint, except admit that the some of the individuals in the vicinity of Union Square on August 31, 2004 were playing musical instruments and defendants Essig and Deickmann gave directives to other NYPD officers.

12.     Defendants deny the allegations set forth in Paragraph 12 of the Second Amended Complaint, except admit that many people were traveling on the sidewalks and roadways and defendants Essig and Deickmann gave directives to other NYPD officers.

13.     Defendants deny the allegations set forth in Paragraph 13 of the Second Amended Complaint, except admit that Plaintiffs' arresting officers included defendants Lamendola, Malone, Nguyen, Perez, Quimby, Randall, Rufle and Ryan and Plaintiffs' charges included Parading without a Permit and Disorderly Conduct.

14.    Defendants deny the allegations set forth in Paragraph 14 of the Second Amended Complaint, except admit that police were present in the vicinity of East 16th Street and Irving Place on August 31, 2004.

15.    Defendants deny the allegations set forth in Paragraph 15 of the Second Amended Complaint, except admit that Plaintiffs' arrest processing occurred at Pier 57 and Manhattan Central Booking.

16.    Defendants deny the allegations set forth in Paragraph 16 of the Second Amended Complaint.

17.    Defendants deny the allegations set forth in Paragraph 17 of the Second Amended Complaint.

## AS TO "FIRST CLAIM"

18.    Defendants incorporate by reference their responses set forth in all preceding paragraphs as if fully set forth herein.

19.    Defendants deny the allegations set forth in Paragraph 19 of the Second Amended Complaint.

20.    Defendants deny the allegations set forth in Paragraph 20 of the Second Amended Complaint.

21.    Defendants deny the allegations set forth in Paragraph 21 of the Second Amended Complaint.

## AS TO "SECOND CLAIM"

22.    Defendants incorporate by reference their responses set forth in all preceding paragraphs as if fully set forth herein.

23.    Defendants deny the allegations set forth in Paragraph 23 of the Second Amended Complaint.

24.    Defendants deny the allegations set forth in Paragraph 24 of the Second Amended Complaint.

## AS TO "THIRD CLAIM"

25.    Defendants incorporate by reference their responses set forth in all preceding paragraphs as if fully set forth herein.

26.    Defendants deny the allegations set forth in Paragraph 26 of the Second Amended Complaint.

27.    Defendants deny the allegations set forth in Paragraph 27 of the Second Amended Complaint.

## AS TO "FOURTH CLAIM"

28.    Defendants incorporate by reference their responses set forth in all preceding paragraphs as if fully set forth herein.

29.    Defendants deny the allegations set forth in Paragraph 29 of the Second Amended Complaint.

30.    Defendants deny the allegations set forth in Paragraph 30 of the Second Amended Complaint.

## AS TO "FIFTH CLAIM"

31.    Defendants incorporate by reference their responses set forth in all preceding paragraphs as if fully set forth herein.

32.    Defendants deny the allegations set forth in Paragraph 32 of the Second Amended Complaint.

33.    Defendants deny the allegations set forth in Paragraph 33 of the Second Amended Complaint.

## AS TO "SIXTH CLAIM"

34.    Defendants incorporate by reference their responses set forth in all preceding paragraphs as if fully set forth herein.

35.    Defendants deny the allegations set forth in Paragraph 35 of the Second Amended Complaint.

36.    Defendants deny the allegations set forth in Paragraph 36 of the Second Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

37.    The Second Amended Complaint fails in whole or in part to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

38.   There was probable cause for Plaintiffs' arrests, detentions, and/or prosecutions.

## THIRD AFFIRMATIVE DEFENSE

39.   Any and all injuries alleged in the Second Amended Complaint were caused, in whole or in part, by Plaintiffs' culpable, negligent, or intervening conduct and were not the proximate result of any act of Defendants.

## FOURTH AFFIRMATIVE DEFENSE

40.   This action is barred in whole or in part by the doctrines of res judicata and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

41.   The individual defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, are entitled to qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE

42.   Punitive damages are not recoverable against the City of New York.  Punitive damages cannot be recovered against the other defendants and, if available, the amount of such damages shall be limited by applicable state and federal constitutional provisions, including due process and other provisions of law.

## SEVENTH AFFIRMATIVE DEFENSE

43.   Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York

or any political subdivision thereof, nor have Defendants violated any act of Congress providing for the protection of civil rights.

## EIGHTH AFFIRMATIVE DEFENSE

44.    At all times relevant to the acts alleged in the Second Amended Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.

## NINTH AFFIRMATIVE DEFENSE

45.    At all times relevant to the acts alleged in the Second Amended Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## TENTH AFFIRMATIVE DEFENSE

46.    Plaintiffs' claims are barred, in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §50-e and §50-i.

## ELEVENTH AFFIRMATIVE DEFENSE

47.    Plaintiffs' claims are barred, in part, by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

48.    Plaintiffs' claims are barred in part by the doctrine of absolute immunity.

## THIRTEENTH AFFIRMATIVE DEFENSE

49.    There is no personal jurisdiction over some or all of the Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

50.    To the extent Defendants used any force it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

## FIFTEENTH AFFIRMATIVE DEFENSE

51.    Plaintiffs failed to mitigate their damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

52.    Plaintiffs consented to the acts about which they complain.

## SEVENTEENTH AFFIRMATIVE DEFENSE

53.    Plaintiffs' claims are barred, in whole or in part, by their contributory or comparative negligence and by their assumption of the risk.

## SEVENTEENTH AFFIRMATIVE DEFENSE

54.    Newly added plaintiffs Thomas Bacon, Greg Griffith, Michelle Kaye, David Hill, Eric Mitrano, Robert Pietri, Ellen Tuzzolo and Joel Viertel consented not to assert state law claims (in light of the expired statute of limitations), as a condition to the second amendment of the complaint to include them.

**WHEREFORE,** Defendants request judgment dismissing the Second Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       October 31, 2006

                MICHAEL A. CARDOZO
                Corporation Counsel of the City of New York
                Attorney for Defendants
                100 Church Street, Room 3-126
                New York, New York 10007
                212-788-8342

By:    _____ /s/ _____
                Jeffrey A. Dougherty (JD 5224)
                Special Assistant Corporation Counsel
                Special Federal Litigation Division

Index Number 05 CV 9484 (KMK)(JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COURTNEY LEE ADAMS, et al.,

                                        Plaintiffs,

                        -against-

CITY OF NEW YORK, et al.,

                                        Defendants.

ANSWER TO
SECOND AMENDED COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*
*Of Counsel: Jeffrey A. Dougherty*

*Tel:  (212) 788-8342*
*NYCLIS No. 05 SF 022702*

*Due and timely service by ECF is hereby admitted.*

*New York, New York  October 31, 2006*

*Jeffrey A. Dougherty, Esq.*

*Attorney for Defendants*