```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK              (ECF)
- - - - - - - - - - - - - - - - - - - -:
DEIRDRE MacNAMARA, et al.,              : 04 Civ. 7922 (KMK)(JCF)
                                        : LEAD CASE
              Plaintiffs,               : 04 Civ. 9216 (KMK) (JCF)
                                        :
     - against -                        :
                                        :
THE CITY OF NEW YORK, et al.,           :
                                        :
              Defendants.               :
- - - - - - - - - - - - - - - - - - - -:
                                        : 05 Civ. 8453 (KMK) (JCF)
TARASIK ABDELL, et al.,                 :
                                        :
              Plaintiffs,               :
     - against -                        :
                                        :
THE CITY OF NEW YORK, et al.,           :
                                        :
              Defendants.               :
- - - - - - - - - - - - - - - - - - - -:
COURTNEY LEE ADAMS, et al.,             :
                                        : 05 Civ. 9484 (KMK) (JCF)
              Plaintiffs,               :
                                        :
     - against -                        :   MEMORANDUM
                                        :   AND ORDER
THE CITY OF NEW YORK, et al.,           :
                                        :
              Defendants.               :
- - - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/06

DOCKET IN ALL 3 CASES

The plaintiffs have submitted letter motions requesting that the Court deem the defendants to have admitted that they cannot identify any member of the New York City Police Department (the "NYPD") who has personal knowledge of the individual conduct of certain plaintiffs that provided the alleged probable cause for the arrest of those plaintiffs. (Letter of Jonathan C. Moore and Clare Norins dated Oct. 18, 2006 ("Moore and Norins 10/18/06 Letter"); Letter of Michael L. Spiegel dated Oct. 17, 2006 ("Spiegel 10/17/06 Letter"). The plaintiffs in question are 23 of the 24 named

plaintiffs in the MacNamara case and all of the plaintiffs in the Abdell and Adams cases. The defendants oppose the applications, arguing that the plaintiffs are improperly seeking to obtain summary judgment in the guise of a discovery motion. (Letter of James Mirro dated Nov. 13, 2006 ("Mirro 11/13/06 Letter"), at 1).

Much ink has been spilled over what is ultimately an issue of semantics. The defendants acknowledge that, with one exception, they are not aware of any police officer who observed specific behavior by a plaintiff that led directly to that plaintiff's arrest. In responding to counsel in MacNamara, for example, defendants stated:

> Interpreting your interrogatories to mean that plaintiffs are asking defendants to identify officers who observed particular plaintiffs engage in particular conduct at particular times, then we are not now aware of any such officers (aside from Captain Mercandetti who observed plaintiff Chris Thomas at the New York Public Library).

(Letter of James Mirro dated Oct. 12, 2006, attached as Exh. A to Moore and Norins 10/18/06 Letter, at 1-2).

At the same time, the defendants argue that, as a legal matter, direct observation of illegal conduct is not necessary to establish probable cause to arrest. (Mirro 11/13/06 Letter at 4-6). Rather, they contend, "[i]n riot, civil disorder and other mass arrest contexts, officers' knowledge of the conduct of a group of individuals engaging in unlawful conduct is admissible to establish probable cause." (Mirro 11/13/06 Letter at 5).

Whether the defendants' view of the law is correct is, as they suggest, a matter properly reserved for decision in a dispositive motion. The plaintiffs, however, are entitled to discovery responses that precisely define the predicate facts. Therefore,

the plaintiffs' applications are granted insofar as the defendants are deemed to have admitted that, with respect to each plaintiff in the MacNamara, Abdell, and Adams case (with the exception of plaintiff Chris Thomas), they cannot identify any member of the NYPD who has personal knowledge of individual conduct of that plaintiff which served as the basis for that plaintiff's arrest. This does not preclude the defendants from presenting evidence that a plaintiff was within a group of individuals allegedly engaged in unlawful activity or from arguing that such evidence is sufficient to demonstrate probable cause.

SO ORDERED.

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         November 28, 2006

Copies mailed this date:

Jonathan C. Moore, Esq.
Clare Norins, Esq.
Beldock Levine & Hoffman LLP
99 Park Avenue
New York, New York  10016

Alan Levine, Esq.
99 Hudson Street, 14th Floor
New York, New York 10013

Michael L. Spiegel, Esq.
The Law Offices of Michael L. Spiegel
111 Broadway, Suite 1305
New York, New York 10006

James Mirro, Esq.
Jeffrey A. Dougherty, Esq.
Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, New York  10007