**MEMO ENDORSED**



**MEMO ENDORSED**

THE CITY OF NEW YORK

MICHAEL A. CARDOZO
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JEFFREY A. DOUGHERTY
Special Assistant Corporation Counsel
Room 3-126
Telephone: (212) 788-8342
Facsimile: (212) 788-9776
jdougher@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/06

December 18, 2006

**BY FACSIMILE**

The Honorable James C. Francis IV
Unites States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street – Room 1960
New York, New York 10007-1312

*04 CIV 7922 (KMK)(JCF)*

Re: *Abdell, et al. v. City of New York, et al.,* 05 CV 8453 (KMK) (JCF)
    *Adams, et al. v. City of New York, et al,,* 05-CV-9484 (KMK)(JCF)

**＊ DOCKET IN ALL RNC CASES**

Dear Judge Francis:

I write in response to Your Honor's December 7, 2006 order regarding the destruction of certain litigation documents following the resolution of plaintiffs' claims in the above captioned actions. Defendants request that the Court reconsider an administrative component of this order. As Your Honor is aware, *Adams* and *Abdell* are multi-plaintiff actions in which only a limited number of plaintiffs will be settling their claims. Under the December 7 Order defendants would be required to destroy the settling plaintiffs' litigation records if they "represent[] that he or she will not testify in the related cases."

Defendants respectfully submit that this relief does not take into account the possibility, that, despite any good faith representations by the settling plaintiffs, these individuals may still be <u>compelled</u> to testify in any of the other RNC cases if they are subpoenaed by plaintiffs' in a related RNC case. In the event one of these individuals is subpoenaed, defendants would need their complete files for cross examination.[1] Additionally, defendants may need to call a settling plaintiff at trial. Thus, defendants reiterate their opposition to the piecemeal destruction of these documents while the RNC consolidated litigation is still pending.

---

[1] By way of example, plaintiffs' March 28, 2005 mandatory disclosures in *Dinler v. City of NY*, identify various plaintiffs from other RNC consolidated actions including plaintiffs from the *Adams*, *Bastidas*, and *Macnamara* actions.

Defendants respectfully request that Your Honor reconsider the December 7 Order so it provides that the timing of the destruction of the documents take place upon the resolution of any appeal in the last RNC consolidated action pending on the docket before Your Honor and Judge Kenneth M. Karas.

Very truly yours,

*Jeffrey A. Dougherty* (signature)

Jeffrey A. Dougherty

cc: Michael L. Spiegel, Esq. (by Facsimile)

12/21/06

As an alternative to destroying the confidential records of a settling plaintiff at the time of settlement, defendants may return them to counsel for that plaintiff, to be maintained by that attorney until the completion of all RNC cases.

SO ORDERED.

*James C. Francis IV* (signature)

USMJ