THE LAW OFFICES OF
# MICHAEL L. SPIEGEL
111 Broadway, Suite 1305
New York, New York 10006
Tel: (212) 587-8558
Fax: (212) 571-7767

June 19, 2007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/07
```

**BY FAX TO (212)805-7930**
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

*[handwritten: LEAD CASE 04 CIV 7922 (KMK)(JCF)]*

Re:  Abdell, et al. v. City of New York, et al., 05 Civ. 8453 (KMK)(JCF)
     Adams, et al. v. City of New York, et al., 05 Civ. 9484 (KMK)(JCF)

*[handwritten: DOCKET IN BOTH CASES]*

Dear Judge Francis:

    I write in reply to Assistant Corporation Counsel Jeffrey A. Dougherty's letter dated June 18, 2007, concerning Your Honor's June 4, 2007, Order requiring the City to produce for inspection and copying three original videotapes and the camera's used to make the videotapes.

    First, the City seeks an order that its "digitized files" of the TARU tapes be deemed the "original" or "best evidence" for all purposes, in the event that the original tapes are damaged or altered. Plaintiffs object to the entry of such an order at this time, since no damage or alteration has yet occurred. If it were to occur, despite plaintiffs' every effort to avoid it, the facts and circumstances could affect the terms of any order which would be appropriate. To give but one example from the universe of possibilities, the copy that plaintiffs will make from the original could vary from the so-called "digitized files," and it would be premature to say at this time which is the "best evidence."

    Second, defendants claim that they are unable to identify the exact cameras TARU used to record the videotapes at issue. Accepting that representation as true, defendants should be required to provide the make(s) and model(s) of the cameras which were used to record each of the three videotapes. If there is more than one type of camera which could have been used, list all of the makes and models which TARU had available that could have been used to make each videotape.

    Defendants' third application is that defendants' TARU representative be given the power

1

to stop the copying of the tapes if he or she "feels destructive processes are being applied." This application should be denied. Plaintiffs have retained experts to copy the videotapes, and defendants should not be granted a *carte blanche* to interfere with the copying process. That having been said, plaintiffs will make every effort to work cooperatively with the TARU representative to meet any concerns they may have regarding the copying process.

> Respectfully submitted,
>
> Michael L. Spiegel
> [MS-0856]

MLS:ms

cc:   A.C.C. Jeffrey A. Dougherty. (by fax)
      RNC Distribution List (by email)