
MEMO ENDORSED



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

JEFFREY A. DOUGHERTY
*Special Assistant Corporation Counsel*
Room 3-126
Telephone: (212) 788-8342
Facsimile: (212) 788-9776
jdougher@law.nyc.gov

**BY FACSIMILE**

The Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street – Room 1960
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/5/07

November 2, 2007

LEAD CASE: 04 CIV 7922 (RJS) (JCF)

Re:   Adams, et al., v. City of New York, et al., 05 CV 9484 (RJS) (JCF)    DOCKET
        Abdell, et al., v. City of New York, et al., 05 CV 8453 (RJS) (JCF)    IN BOTH CASES

Dear Judge Francis:

I write in further support of defendants' letter applications seeking dismissal of plaintiffs' emotional distress claims dated September 25, 2007 and October 10, 2007 and in reply to plaintiffs' October 5, 2007 and October 25, 2007 letters opposing defendants' request. Defendants request an order dismissing plaintiffs' claims pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure.

I.   **Plaintiffs' Emotional Distress Claims Should Be Dismissed With Prejudice.**

As Your Honor is aware, in the RNC Consolidated Litigation, the law of the case is that when a plaintiff alleges emotional distress claims yet refuses to provide discovery of their psychiatric history those claims will be dismissed with prejudice.[1] Here, because plaintiffs' have clearly indicated that they will not provide any discovery of their mental health histories, dismissal of their mental health claims is in order.

---

[1] See Cohen v. City of N.Y., 05-cv-6780 (KMK) (JCF), 2007 WL 2789272, at *2-6, (S.D.N.Y. Sept. 25, 2007) (affirming dismissal of plaintiffs' emotional distress claims under *de novo* standard based on failure to provide discovery of psychiatric histories).

Plaintiffs' argument that this Court should rely on Kunstler v. City of N.Y., 2006 WL 2516625 (S.D.N.Y. Aug. 29, 2006), order affirmed by, 2007 WL 1412339 (S.D.N.Y. May 14, 2007) is misplaced, *inter alia*, because the Kunstler decisions fail to account for the fact that Judge Karas' reached his holdings under the *de novo* standard (and not the deferential Rule 72 standard). Thus, the Court should apply the precedent that has historically governed these cases and dismiss plaintiffs' emotional distress claims with prejudice.

## II.  Plaintiffs' Loss Of Liberty Claims Should also be Dismissed.

Additionally, Plaintiffs' loss of liberty claims should be dismissed. Plaintiffs have argued that "[n]otwithstanding the dismissal of [their emotional distress] claims, plaintiffs believe that the holding in Kerman v. City of N.Y., 374 F.3d 93 (2d. Cir 2004) requires that plaintiffs would still be entitled to testify at trial about the emotional distress and humiliation that they suffered during their incarceration."[2] Plaintiffs' position apparently is that emotional distress is an element of the general damages to which they would be entitled were they to prevail on their "loss of liberty" claims, notwithstanding the dismissal of separately pleaded emotional distress damages.[3] Thus, plaintiffs concede that emotional distress damages are "intrinsic" to the fundamental claim of all plaintiffs in these cases – their "loss of liberty" claim – so it follows that the refusal to provide discovery on this issue calls for the dismissal of their "loss of liberty" claims.[4]

## III.  Relief Requested.

Accordingly, for all of the aforementioned reasons and for the reasons stated in defendants' letter applications dated September 25, 2007 and October 10, 2007, defendants respectfully request that the Court enter an order dismissing the following plaintiffs' claims for (a) loss of liberty; and (b) mental and emotional injuries and damages with prejudice:

Adams Plaintiffs
1. Amelia Geocos
2. Roger Vilanova Marques

---

[2] See Brief of Abdell plaintiffs at 3-4 attached as Ex. A to plaintiffs' opposition papers.

[3] See id.

[4] See Montgomery v. New York State Office of Mental Health, 2002 WL 500357 (S.D.N.Y. 2002) (Martin, J.) (dismissing complaint for failure to produce mental health discovery and observing that "it would be impossible to remove the issue of plaintiff's mental state from the jury's consideration"); see also Anderson v. The City of New York, et al., 2005 CV 4422 (ERK) (MDG) (E.D.N.Y. April 28, 2006) (ordering discovery regarding plaintiff's "mental and emotional state" where plaintiff had "loss of liberty" claim even though plaintiff had withdrawn her claim for emotional damages).

Abdell Plaintiffs
1. Dewayne Dickerson
2. Lambert Rochfort

Respectfully submitted,

*Jeffrey A. Dougherty* (signature)

Jeffrey A. Dougherty

cc: Michael L. Spiegel, Esq.

---

11/5/07

Application granted insofar as the mental and emotional distress claims of these plaintiff are dismissed. Their position is indistinguishable from that of the plaintiff in *Cohen* and similar RNC cases. The application to dismiss the loss of liberty claims is denied. This argument was raised for the first time in defendants' reply. More importantly, while the loss of liberty may be accompanied by emotional distress, it is nevertheless distinct. The trial judge will be fully capable of limiting plaintiffs' evidence accordingly.

SO ORDERED
James C. Francis IV
USMJ

3