THE LAW OFFICES OF
# MICHAEL L. SPIEGEL
111 Broadway, Suite 1305
New York, New York 10006
Tel: (212) 587-8558
Fax: (212) 571-7767

**MEMO ENDORSED**

December 21, 2006

**BY FAX TO (212)805-7930**
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/06
```

    Re:    Abdell, et al. v. City of New York, et al., 05 Civ. 8453 (KMK)(JCF)

Dear Judge Francis:

    I write to request reconsideration, pursuant to Local Rule 6.3, of one sentence of the portion of Your Honor's December 7, 2006, Memorandum and Order ("Order") which concerns defendants' motion to compel plaintiff Ed Hedemann to provide releases unsealing prior arrest records. The sentence reads as follows: "Furthermore, if Mr. Hedemann's prior arrests involve disorderly conduct, parading without a permit, or similar charges, the records may lead to information that would cast doubt upon Mr. Hedemann's credibility with respect to his contention that the NYPD lacked probable cause to arrest him on August 31, 2004." Order at 19-20. Plaintiffs respectfully request that the Court delete that sentence from the Order for the reasons set forth herein.

    Defendants brought a motion to compel plaintiff Hedemann to produce releases unsealing his prior arrest records, which plaintiff opposed. The Court granted defendants' motion, grounding the decision primarily in the relevance of such records "to the issue of damages for emotional distress." Order at 19 (citing Green v. Baca, 226 F.R.D. 624, 656-657 (C.D.Cal. 2005)). Plaintiffs do not contest that it is within the Court's discretion to order plaintiff to provide the releases for this reason. The next sentence in the Order, however, which is quoted above, is an entirely different rationale for requiring plaintiff to provide the releases.[1]

    Plaintiffs believe that the Court has overlooked controlling decisions on the factors

---

[1] This issue is of significance to any plaintiff, including Mr. Hedemann, who may decide not to provide defendants with the releases. In that event, they would then be potentially subject to a sanction imposed by the Court. Since one element in determining the nature of any sanction would be the relevance of the information which defendants were being deprived of, the grounds for the decision to compel production is important.

1

relevant to the determination of probable cause. Mr. Hedemann's "credibility with respect to his contention that the NYPD lacked probable cause," Order at 19, is not relevant to the probable cause determination. "A warrantless arrest is unlawful absent probable cause." United States v. Perea, 986 F.2d 633, 642-43 (2d Cir. 1993); Papineau v. Ashton, 465 F.3d 46, 60 (2d Cir. 2006). "Whether probable cause exists depends upon the reasonable conclusion to be drawn *from the facts known to the arresting officer at the time of the arrest*. Maryland v. Pringle, 540 U.S. 366, 371 (2003)." Devenpeck v. Alford 543 U.S. 146, 152 (2004) (emphasis added). Devenpeck held that the standard for assessing whether probable cause existed was an objective one, and that the officer's "state of mind (*except for the facts that he knows*) is irrelevant to the existence of probable cause." Id. at 153 (emphasis added).

Likewise, the arrestee's state of mind, or later credibility, are irrelevant to the probable cause determination, unless those facts were somehow known to the arresting officer at the time of the arrest – in which case, it would not be the arrestee's actual credibility which would be at issue, but only the knowledge that the arresting officer had of that credibility. See, e.g., Brinegar v. United States, 338 U.S. 160, 175-76 (1949) ("Probable cause exists where 'the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 162 (1925)."). "It is axiomatic that hindsight may not be employed in determining whether a prior arrest or search was made upon probable cause." LaFave, W.R., 2 Search and Seizure, A Treatise on the Fourth Amendment, §3.2(d) (3rd ed. 1996).

Plaintiffs respectfully request that the Court reconsider its December 7, 2006, Order to the extent of deleting the sentence quoted above.

Respectfully submitted,

*M. Spiegel*

Michael L. Spiegel
[MS-0856]

MLS:ms

cc: A.C.C. Jeffrey A. Dougherty (by fax)

12/21/06

Application denied. The quoted language refers not to determining probable cause based on Mr. Hedemann's prior arrest record, but to whether his own testimony about the objective facts surrounding his arrest (ie, what he was doing at the time of arrest) may be credible.

SO ORDERED.
*James C. Francis IV*
USMJ