2127883824   NYC Law 3-135 Environ                                02:02:12 p.m.   10-06-2006        2/23



THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

JEFFREY A. DOUGHERTY
*Special Assistant Corporation Counsel*
Room 3-126
Telephone: (212) 788-8342
Facsimile: (212) 788-9776
jdougher@law.nyc.gov

VIA FAX 212-805-7930                                        October 6, 2006

The Honorable James C. Francis IV
Unites States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street – Room 1960
New York, New York 10007-1312

    Re:   **Abdell, et al. v. City of New York, et al.**, 05 CV 8453 (KMK) (JCF)

Dear Judge Francis:

    I write to supplement defendants' September 13, 2006 letter application requesting that the Court compel plaintiff Ed Hedemann to produce unsealing releases pertaining to his prior arrests. In response to Interrogatory No. 13, plaintiff identified five occasions that he was arrested prior to his arrest at Church/Fulton Streets on August 31, 2004, which is the subject of this case. (See Plaintiff's Supplementary Interrogatory Response No. 13, attached hereto as Exhibit A). Defendants seek unsealing releases[1] relating to these prior arrests so that they can obtain the underlying documents, which, as set forth below, are relevant to several issues in this case.

### Defendants are Entitled to Complete Documentation Regarding Plaintiff's Prior Arrests

    In New York State, pursuant to NYCPL §160.50, an unsealing release is necessary to obtain documents regarding, *inter alia*, the final disposition of the charges, information regarding the frequency and necessity of court appearances, and summaries of the underlying incidents. Specifically, an unsealing release will permit defendants to access documents from the Criminal Court, the District Attorney's Office, and the NYPD. Only with a release can defendants obtain the documents associated with plaintiff's prior arrests and obtain the details of those arrests,

---
[1] Defendants seek NYCPL §160.50 releases with respect to plaintiff's arrests in New York State, and seek any equivalent release that may be required by other states with respect to plaintiff's non-New York arrests.

James C. Francis IV
October 6, 2006

which will be essential in defendants' preparation for plaintiff's deposition and cross examination.

### Documents Underlying Prior Arrests are Relevant to Plaintiff's Damage Claims

Evidence of prior arrests is relevant to plaintiff's claims for emotional distress, physical injuries and discomfort, and loss of liberty.[2] This Court has previously recognized, in another RNC case, that documentation relating to subsequent arrests and convictions is discoverable and relevant to the issue of ongoing mental and emotional distress. See Your Honor's January 18, 2006 decision in Phillips v. City of New York, 05-CV-7624; see also Udemba v. Nicoli, 237 F.3d 8, 15-16 (1st Cir. 2001) (for §1983 false arrest claim, evidence of other arrests held relevant to disputed issue of emotional distress damages attributable to underlying incident); Flebotte v. Dow Jones & Co. Inc., 97-CV-30117, *3-6, 2001 U.S. Dist. LEXIS 1525 (D. Mass. Jan, 24, 2001) (evidence of prior criminal convictions held relevant to issues of emotional distress); Green v. Baca, 226 F.R.D. 624, 656-659 (C. D. Calif. 2005) (evidence of prior periods of incarceration held relevant to issue of emotional distress damages). Documents relating to prior arrests are likewise relevant to alternative causes of mental and emotional distress. See Flebotte, *supra*, at *3-4 (where plaintiff claimed emotional distress from wrongful termination, his prior arrest and conviction "tend[ed][ to make it more probable that [his] conviction, rather than the termination, caused his emotional distress"). Thus, documents detailing plaintiff's prior arrest experiences, previous arrest processing, and criminal court proceedings are relevant to refute plaintiff's claims regarding the cause and extent of emotional distress damages attributable to his August 31, 2004 arrest and confinement.

Evidence of prior arrests is also relevant to plaintiff's allegations of physical injuries and discomfort. For example, the documents provided pursuant to unsealing releases may provide evidence that plaintiff has previously been handcuffed, detained, and processed, and whether plaintiff requested or received medical attention. Documents detailing these facts will elicit evidence showing either that plaintiff had more traumatic arrest experiences in the past, or that what he experienced during his August 31, 2004 arrest was consistent with his prior experiences. In either event, the documents will be useful to defend against plaintiff's claim of injury in this lawsuit.

### Documents Underlying Prior Arrests are Relevant to Plaintiff's Recollection and Veracity

The documents underlying plaintiff's prior arrests are relevant and will also be useful in refreshing plaintiff's recollection during his deposition. Currently, defendants have only learned

---

[2] Plaintiff's Complaint alleges that as a result of his August 31, 2004 arrest, he was "deprived of [his] liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation and [was] otherwise damages and injured." See ¶¶ 36, 38 & 40 of the Complaint, attached hereto as Exhibit B.

2

James C. Francis IV
October 6, 2006

the date, location and disposition of plaintiff's five prior arrests. (See Exhibit A). Documents associated with these prior arrests will be useful in examining plaintiff about various issues connected with each prior arrest, including, *inter alia*, the details underlying the incident, the nature and severity of the charges, names and identifying information of witnesses and third parties, and the nature and number of court appearances associated with the adjudication of the charges. Considering that plaintiff has identified five arrests over the past ten years (one of which, according to plaintiff, resulted in a conviction), the documents will assist defendants in deposing plaintiff on these issues.

Documents obtained pursuant to the unsealing releases may also help defendants assess plaintiff's veracity. First, the underlying documents are necessary to determine if any of plaintiff's prior arrests or convictions involved dishonesty or false statements. Second, while Plaintiff's interrogatory response indicates that only one of the prior arrests resulted in a conviction, this can *only* be verified through documentary evidence. Access to the underlying arrest documents would permit defendants to investigate whether plaintiff's interrogatories are inaccurate or false, both of which are relevant to plaintiff's veracity and his ability to accurately recall past events and information.

**Documents Underlying Prior Arrests are Relevant in**
**Obtaining Admissions and Statements of Intent**

The documents defendants seek may contain plaintiff's admissions about his intent and/or other statements made to law enforcement personnel. In addition, these prior arrests may have involved disorderly conduct or criminal charges similar to those at issue here. The documents, for example, would provide evidence of the nature of the charges, and provide evidence of plaintiff's motive and intent regarding unlawful conduct at prior demonstrations. The likelihood of such is evidenced by the fact that this plaintiff was one of the spokespersons for the War Resisters League ("WRL") at the Church/Fulton Street march. Before that march, WRL openly called for civil disobedience and alerted would-be marchers to the likelihood of arrest for engaging in such conduct. These prior arrest documents may contain similar information regarding plaintiff's intent and motive.

Finally, in Dudek v. City of NY, 04-CV-10178 (KMK)(JCF), and in other RNC cases, plaintiffs sought defendant police officers' prior CCRB files for related substantiated and unsubstantiated civilian complaints. At a minimum, defendants are entitled here to analogous discovery, and plaintiff cannot eredibly argue against such discovery in light of plaintiffs' past positions claiming the discoverability of the CCRB files of defendant officers.

3

James C. Francis IV
October 6, 2006

    Accordingly, defendants respectfully request that Court compel plaintiff to produce unsealing releases relating to his prior arrests.

Very truly yours,

Jeffrey A. Dougherty   for JAD

cc:   Michael L. Spiegel, Esq. (via e-mail)