

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | JEFFREY A. DOUGHERTY<br>*Special Assistant Corporation Counsel*<br>Room 3-126<br>Telephone: (212) 788-8342<br>Facsimile: (212) 788-9776<br>jdougher@law.nyc.gov |

November 20, 2006

**BY FACSIMILE**

The Honorable James C. Francis IV
Unites States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street – Room 1960
New York, New York 10007-1312

    Re:  *Abdell, et al. v. City of New York, et al.* 05 CV 8453 (KMK)(JCF)

Dear Judge Francis:

    I write in reply to plaintiffs' November 2, 2006 opposition to defendants' motion to compel plaintiff Ed Hedemann to produce unsealing releases pertaining to his prior arrests. As a threshold matter, defendants respectfully remind the Court that a substantially similar issue has already been decided (in defendants' favor), that is discovery of the RNC plaintiffs' prior arrests has already been ordered and is relevant, *inter alia*, to plaintiffs' damages claim. See Your Honor's January 19, 2006 decision in Phillips v. City of N.Y., 05-CV-7624.[1]

    Plaintiffs' objection to providing the releases necessary to obtain the documents underlying these relevant arrests flies in the face of their own admission that the prior arrests are a source of "appropriate issues for questioning at a deposition." See Plaintiff's November 2,

---

[1] See also Winker v. L'Amour East, Inc., 88-CV-1864, 1989 WL 38327, *1 (E.D.N.Y. April 18, 1989) (holding a party's refusal to provide discovery pertaining to past arrests violated broad discovery mandate of the federal rules); Udemba v. Nicoli, 237 F.3d 8, 15-16 (1st Cir. 2001) (for §1983 false arrest claim, evidence of other arrests held relevant to disputed issue of emotional distress damages attributable to underlying incident); Flebotte v. Dow Jones & Co. Inc., 97-CV-30117, *3-6, 2001 U.S. Dist. LEXIS 1525 (D. Mass. Jan, 24, 2001) (evidence of prior criminal convictions held relevant to issues of emotional distress); Green v. Baca, 226 F.R.D. 624, 656-659 (C. D. Calif. 2005) (evidence of prior periods of incarceration held relevant to issue of emotional distress damages). Documents relating to prior arrests are likewise relevant to alternative causes of mental and emotional distress. See Flebotte, *supra*, at *3-4 (where plaintiff claimed emotional distress from wrongful termination, his prior arrest and conviction "tend[ed][ to make it more probable that [his] conviction, rather than the termination, caused his emotional distress").

2006 Letter at p. 2. Thus, Plaintiffs' distinction that the sealed records have greater privacy is illusory. Moreover, the balancing of defendants' need over plaintiffs' burden clearly weighs in defendants' favor because all defendants request is a signed release.

The documents defendants would obtain pursuant to releases are also relevant because they may contain admissions and relate to plaintiffs' intent. By way of example, plaintiff Hedemann's prior New York arrests may have involved disorderly conduct and/or parading without a permit. Accordingly, Mr. Hedemann's prior arrests for these violations would arguably be admissible to his knowledge of the nature of these violations and his reckless disregard or intent to commit the same violations on August 31, 2004. This has been recognized as a permissible use of this evidence under 404(b). See Brotman v. National Life Ins. Co., 1999 WL 33109, *1 (E.D.N.Y. Jan 22, 1999) (admitting evidence regarding prior misconduct) citing United States v. Gilbert, 668 F.2d 94, 97 (2d Cir. 1981) (SEC civil consent decree admissible under Rule 404(b) in subsequent criminal trial regarding securities law violations to show defendant knew of reporting requirements involved in the decree), cert. denied, 456 U.S. 946 (1982)).

Finally, releases are the only way to obtain the documentation regarding plaintiffs' sealed New York arrests. Naturally, the documents will be useful tools in refreshing plaintiffs' recollections about past arrests and the details of what transpired during the arrest and arrest processing.

Plaintiffs neither cite a single case to support their arguments nor bother to distinguish any of the authorities defendants have cited supporting the argument that discovery of prior arrest histories is relevant and proper. Because plaintiffs have failed to satisfy the burden necessary to overcome the broad scope of discovery under Federal Rule of Civil Procedure 26(b)(1) defendants' application should be granted. Obiajulu v. City of Rochester, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) ("[t]he burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure"); see also United States v. International Business Machines Corp., 66 F.R.D. 215, 218 (S.D.N.Y. 1974) ("discovery is to be considered relevant where there is *any possibility* that the information sought may be relevant to the subject matter of the action.") (emphasis in original). Accordingly, defendants respectfully request that the Court compel plaintiff to produce unsealing releases relating to prior arrests.

Very truly yours,

Jeffrey A. Dougherty

cc:   Michael L. Spiegel, Esq.