UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COURTNEY LEE ADAMS, *et al.*,

                              Plaintiffs,         05 CV 9484 (RJS)(JCF)

                  -against-

THE CITY OF NEW YORK, *et al.*,

                              Defendants.

------------------------------------------------------------X

**PLAINTIFFS' OBJECTIONS, PURSUANT TO F.R.CIV.P. 72, TO MAGISTRATE JUDGE FRANCIS' JANUARY 17, 2008, ORDER DISMISSING TWO PLAINTIFFS' CLAIMS FOR EMOTIONAL DISTRESS**

Plaintiffs were among over 500 people arrested on a block of East 16th Street, and a block of Fulton Street, during the 2004 Republican National Convention. They have brought actions pursuant to 42 U.S.C. § 1983, alleging that their First, Fourth and Fourteenth Amendment rights were violated.

**PROCEDURAL HISTORY**

On January 11, 2008, Assistant Corporation Counsel Jeffrey A. Dougherty wrote Magistrate Judge James C. Francis, IV, requesting dismissal of the emotional distress damages claims of plaintiffs Chris Agnese and James Graham. On January 14, 2008, the undersigned opposed defendants' application, relying upon and attaching a brief which had been submitted on the same issue to this Court in response to a previous application in Abdell. The Abdell February 9, 2007, Reply Memorandum in Support of Plaintiffs' Objections, Pursuant to Rule 72, F.R.Civ.P., to Magistrate Judge Francis' Order Dismissing Claims for Mental and Emotional Injury is attached as Exhibit A. That previous application was decided on September 25, 2007, by Judge Karas. His Honor denied plaintiffs' Rule 72 motion.

On January 17, 2008, by Memo Endorsed Order, the defendants' application was granted, attached as Exhibit B. Plaintiffs now appeal from that decision.

## STANDARD OF REVIEW

Because the sanction imposed by the Magistrate Judge was dispositive of the fifteen plaintiffs' mental and emotional distress claims, this Court must make a *de novo* determination of the issue. F.R.Civ.P. 72(b).

> When a party brings a motion for discovery sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether the decision is dispositive. 14 *Moore's Federal Practice* § 72.02[7][b] (2005); *accord* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3068.2 (2005) ("The critical issue here is what sanction the magistrate judge actually imposes, rather than the one requested by the party seeking sanctions.") ... if a magistrate judge finds that a dispositive sanction is appropriate, Rule 72(b) governs. *See, e.g.,* Zises v. Dept. of Social Services, 112 F.R.D. 223, 226 (E.D.N.Y. 1986).

Steele v. Costco Wholesale Corp., 2005 U.S. Dist. LEXIS 8348 at *5 (E.D.N.Y. May 6, 2005).

## ARGUMENT

The objections now before the Court present exactly the same issues as the Rule 72 motion decided by Judge Karas in Abdell. Plaintiffs herein incorporate by reference the arguments made therein, as set forth in Exhibit A.

Plaintiffs emphasize that they do not claim any actual psychological injury or diagnosable mental condition caused by defendants' conduct; their mental suffering and emotional distress claims cover a period of limited duration, primarily occurring during the time of their arrest and incarceration. Furthermore, the plaintiffs will not offer any evidence at trial from a treating mental health provider or an expert.

In our view, the reasoning in Kerman v. The City of New York, 374 F.3d 93, 125 (2d Cir.

2004), leads to the conclusion that a plaintiff need not produce treatment records in the circumstances presented here. Kerman held that, upon proof of a false imprisonment, a plaintiff was entitled to general damages for the "time lost by the plaintiff during the period of detention and any mental suffering or humiliation sustained in consequence of the arrest or restraint." Kerman, 374 F.3d at 130-31, quoting McCormick, Handbook on the Law of Damages, § 107 at 375-76. Because they are general damages, those damages need not be pleaded and proved, but rather "'may be inferred from the circumstances of the arrest or imprisonment. . . .'" Id. at 125. What that means is that in every false arrest and imprisonment case, plaintiffs have a right to recover damages for ordinary emotional distress, *whether they plead it or not.* Further, it follows that plaintiffs would have the right to describe that "mental suffering or humiliation sustained in consequence of the arrest" without waiving the psychotherapist-patient privilege attaching to records of treatment pre-dating the arrest and unrelated to it.

Since the prior briefing of this issue in Abdell, wherein plaintiffs relied upon Greenberg v. Smolka, 2006 U.S. Dist. LEXIS 24319 (S.D.N.Y. 2006), other decisions in this district have come to the same conclusion. In Kunstler v. The City of New York, 242 F.R.D. 261, 2007 U.S. Dist. LEXIS 35534 (S.D.N.Y. 2007) (Sweet, J.), plaintiffs resisted turning over psychological records concerning "an emotional injury that a well-adjusted person could be expected to suffer in like circumstances, a so called 'garden variety' distress claim," distinguishing such a claim from one for "a serious psychological injury." Id. at *5. That is exactly the kind of emotional injury plaintiffs herein are claiming. The Court, upholding Magistrate Judge Dolinger's Memorandum and Order, held that the defendants

> had not established the justification for turning over sensitive psychological

3

information. Judge Dolinger's nuanced and careful analysis of the requirements for waiver, particularly after the psychotherapist privilege enunciated in *Jaffe*, represents the appropriate view of the issue and the authorities. The reasoning and the determination of fairness set forth in *Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975)*, as cited by Judge Dolinger and the Court of Appeals for the Second Circuit in *United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991)*, is compelling.

Id. at *6.

If this Court were to affirm Magistrate Judge Francis' decision dismissing plaintiffs' mental and emotional distress damages claims, plaintiffs would respectfully request certification of the issue to the Second Circuit. The case for certification is a strong one since, even if plaintiffs were to prevail at trial, they would be entitled to appeal the elimination from their case of that part of their damage claims. If the appeals court then ruled in their favor on the waiver issue, plaintiffs would be entitled to a new trial. In light of the fact that the Court of Appeals will likely hear the issue now before this Court – either before trial or after – it would serve judicial economy and the efficient adjudication of the many RNC cases in which this issue has arisen, to have the Court of Appeals resolve the issue *before* trial.

Dated: January 18, 2008
      New York, New York

                                       Respectfully submitted,

                                       */s/ M. Spiegel*

                                       MICHAEL L. SPIEGEL, Esq.
                                       111 Broadway, Suite 1305
                                       New York, NY 10006
                                       (212)587-8558
                                       *Attorney for Plaintiffs*