# EXHIBIT B

THE LAW OFFICES OF
# MICHAEL L. SPIEGEL
111 Broadway, Suite 1305
New York, New York 10006
Tel: (212) 587-8558
Fax: (212) 571-7767

**SUBMITTED UNDER SEAL: REFERENCES CONFIDENTIAL INFORMATION**

February 29, 2008

**BY HAND**
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

      Re:    Adams, et al. v. City of New York, et al., 05 Civ. 9484 (RJS)(JCF)

Dear Judge Francis:

      I write in response to defendants' January 22, 2008 motion to dismiss some plaintiffs' claims in this action, and for other relief, on the grounds of alleged deficiencies in plaintiffs' discovery responses.

      Defendants' motion should be denied in its entirety because defendants refused to meet and confer prior to filing it. On the merits, many applications claiming that documents or releases were not provided should be denied because plaintiffs provided them long ago, before plaintiffs' depositions. In all other cases, with the exception of three plaintiffs who have declined to provide mental health treatment releases, they should be denied because the documents and releases have been produced since plaintiffs' depositions.

**Defendants' Motion Should be Denied Because Defendants Refused Plaintiffs' Request to Meet and Confer Regarding Discovery Issues**

      The Court issued an Order on November 26, 2007 requiring the parties to make motions "relating to a party deposition" by January 15, 2008 (later extended to January 22, 2008). On January 4 and January 9, 2008 I proposed to Mr. Dougherty that the parties meet and confer regarding the specific discovery which defendants sought in the Abdell and Adams cases. I received no response to the meet-and-confer proposal.

      On January 10, 2008 I wrote Mr. Dougherty regarding discovery requests that had been listed in transmittal letters defendants had provided with each plaintiff's deposition transcript, requesting more careful description of discovery actually sought but not received:

      I write to follow up on our conversations on January 4, 2008, and January

required by prior orders of this Court to provide the release. Nonetheless, plaintiff voluntarily provided defendants with a release on January 31, 2008.[5]

For the foregoing reasons, defendants' application to dismiss the emotional distress damages claim of plaintiff Aronowsky should be denied. Furthermore, under these circumstances, plaintiff should not be required to appear for a continued deposition. Plaintiff testified fully about the nutritional supplements at her deposition, and whatever records may exist can add nothing except to confirm that she did, in fact, obtain supplements from Mr. Heyer.

    C.    <u>Plaintiff Stipe Provided a Release After Her Deposition</u>

<u>Sada Stipe</u>: Defendants claim that plaintiff Stipe "has received mental health counseling but declines to provide the required releases." This is not true. Plaintiff Stipe provided several releases before her deposition. In reviewing the letter which accompanied her deposition transcript, it appeared that she had not provided a release for a mental health provider she had seen a single appointment, a Dr. Fein. On January 10, 2008, prior to defendants' motion, plaintiff Stipe provided that release.[6]

For the foregoing reasons, defendants' application to dismiss the emotional distress damages claim of plaintiff Stipe should be denied. Plaintiff proposes that the parties meet and confer on the need for and method of any reopened deposition.

    D.    <u>Plaintiffs Benson, Doxtader and Mitrano Decline to Provide Releases</u>

Plaintiffs Benson, Doxtader and Mitrano have declined to provide releases for any prior mental health treatment they may have received. Plaintiffs object to the dismissal of their claims for emotional distress for the reasons set forth in the February 9, 2007 Reply Memorandum in Support of Plaintiffs' Objections, Pursuant to Rule 72, F.R.Civ.P., to Magistrate Judge Francis' Order Dismissing Claims for Mental and Emotional Injury in <u>Abdell v. City of New York</u>, 05 Civ. 8453 (RJS)(JCF).[7]

Plaintiffs emphasize that they do not claim any actual psychological injury or diagnosable mental condition caused by defendants' conduct, and their mental suffering and emotional distress claims cover a period of limited duration, primarily occurring during the time of their

---

[5]The January 31, 2008 transmittal letter for plaintiff Aronowsky's release for Mr. Heyer's records is attached as Exhibit E.

[6]The January 10, 2008 transmittal letter for plaintiff Stipe's release for Dr. Fein's records is attached as Exhibit A.

[7]The February 9, 2007 Reply Memorandum in Support of Plaintiffs' Rule 72 Objections to the Order Dismissing Claims for Mental and Emotional Injury is attached as Exhibit F.

arrest and incarceration. Furthermore, the plaintiffs will not offer any evidence at trial from a treating mental health provider or an expert.

The reasoning in Kerman v. The City of New York, 374 F.3d 93, 125 (2d Cir. 2004), leads to the conclusion that a plaintiff need not produce treatment records in the circumstances presented here. Kerman held that, upon proof of a false imprisonment, a plaintiff was entitled to general damages for the "time lost by the plaintiff during the period of detention and any mental suffering or humiliation sustained in consequence of the arrest or restraint." Kerman, 374 F.3d at 130-31, quoting McCormick, Handbook on the Law of Damages, § 107 at 375-76. Because they are general damages, those damages need not be pleaded and proved, but rather "'may be inferred from the circumstances of the arrest or imprisonment. . . .'" Id. at 125. In every false arrest and imprisonment case, plaintiffs have a right to recover damages for ordinary emotional distress, *whether they plead it or not*. Further, it follows that plaintiffs would have the right to describe that "mental suffering or humiliation sustained in consequence of the arrest" without waiving the psychotherapist-patient privilege attaching to records of treatment pre-dating the arrest and unrelated to it.

Since the briefing of this issue on the original Rule 72 application in Abdell, wherein plaintiffs relied upon Greenberg v. Smolka, 2006 U.S. Dist. LEXIS 24319 (S.D.N.Y. 2006), other decisions in this district have come to the same conclusion. In Kunstler v. The City of New York, 242 F.R.D. 261, 2007 U.S. Dist. LEXIS 35534 (S.D.N.Y. 2007) (Sweet, J.), plaintiffs resisted turning over psychological records concerning "an emotional injury that a well-adjusted person could be expected to suffer in like circumstances, a so called 'garden variety' distress claim," distinguishing such a claim from one for "a serious psychological injury." Id. at *5. That is exactly the kind of emotional injury plaintiffs herein are claiming. The Court, upholding Magistrate Judge Dolinger's Memorandum and Order, held that the defendants

> had not established the justification for turning over sensitive psychological information. Judge Dolinger's nuanced and careful analysis of the requirements for waiver, particularly after the psychotherapist privilege enunciated in *Jaffe*, represents the appropriate view of the issue and the authorities. The reasoning and the determination of fairness set forth in *Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975)*, as cited by Judge Dolinger and the Court of Appeals for the Second Circuit in *United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991)*, is compelling.

Id. at *6. For the foregoing reasons, incorporating by reference the arguments set forth in Exhibit F, defendants' applications to dismiss the emotional distress damages claims of plaintiffs Benson, Doxtader and Mitrano should be denied.

**Physical Injury Releases**

Amelia Geocos: Defendants seek to re-depose plaintiff Geocos concerning medical and

6

    10. <u>Kaye, Michelle</u>: Defendants have demanded "a specific letter she referred to during her deposition that related to her RNC arrest." Plaintiff Kaye has no hard copy of the letter, and the electronic version of the letter was destroyed when her computer "crashed."

    11. <u>Kennedy, Thomas</u>: Defendants have demanded "e-mails between him, plaintiff Kennedy, plaintiff Codel and plaintiff Black... [and] photographs he took on date of arrest." Plaintiff Kennedy produced the e-mails on January 31, 2008 and the photographs on February 12, 2008.[23]

    12. <u>Lahn, Jennifer</u>: Defendants have demanded "all written communications relating to her arrest and detention, her criminal case, and this litigation." Plaintiff has no written communications responsive to defendants' request.

    13. <u>Lara, Nadgia</u>: Defendants have demanded "her itinerary for the RNC week including travel in and out of New York, any notice of claims filed with the City of New York, and any video footage regarding Plaintiff's arrest and/or the events preceding her arrest." Plaintiff Lara does not have an itinerary or any video footage regarding the RNC, and she did not file a Notice of Claim.

    14. <u>Vault, Sidney</u>: Defendants have demanded a release for his cell phone records. Defendants have made no proffer whatsoever of the relevance of this blanket demand for plaintiffs' cell phone records to "any party's claim or defense." F.R.Civ.P. 26(b)(1). The "burden ... of the proposed discovery outweighs its likely benefit," Rule 26(b)(2)(C), and the demand will cause plaintiff "annoyance, embarrassment, [and] oppression," Rule 26(c)(1). It is also an unwarranted invasion of plaintiff's privacy and his First Amendment right of association, to the extent that the discovery would permit defendants to obtain the telephone numbers (and hence, identities) of persons with whom plaintiff has communicated.

                                    Respectfully submitted,

                                      Michael L. Spiegel

cc: A.C.C. Jeffrey A. Dougherty (by hand)

---

[23] The January 31, 2008 transmittal letter with plaintiff Kennedy's e-mails is attached as Exhibit E; the February 12, 2008 transmittal letter with the photographs is attached as Exhibit H.