



MEMO ENDORSED

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET

JEFFREY A. DOUGHERTY
*Special Assistant Corporation Counsel*
Room 3-126
Telephone: (212) 788-8342
Facsimile: (212) 788-9776
jdougher@law.nyc.gov

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/7/08
```

May 28, 2008

**BY FACSIMILE**

The Honorable James C. Francis IV
United States Magistrate Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, New York 10007-1312

Re:   **Adams, et al., v. City of New York, et al.** 05 CV 9484 (RJS) (JCF)

Dear Judge Francis:

    Defendants write regarding plaintiff Sada Stipe. Specifically, defendants request that the Court enter an order dismissing plaintiff Stipe's claims for emotional distress injuries and damages with prejudice pursuant to Rules 16(f), 37(b), and 41(b) of the Federal Rules of Civil Procedure. Defendants seek dismissal on the grounds that plaintiff Stipe has failed to comply with Your Honor's Order requiring her to appear for a continued deposition on the issue of her belatedly produced mental health records.

    Stipe's emotional distress claims should be dismissed because she has willfully violated Your Honor's April 15, 2008 Order, which required her to appear for a continued deposition related to belatedly produced mental health records. See Your Honor's 4/15/08 Order attached as Ex. A. Plaintiff Stipe's continued deposition was scheduled for May 6, 2008. Stipe's counsel cancelled her deposition on May 5, 2008. See email from Michael Spiegel attached as Ex. B. Thereafter, Mr. Spiegel advised defense counsel that Stipe would not appear for her continued deposition and she would not comply with Your Honor's order. Throughout the RNC litigation, Your Honor has consistently dismissed the emotional distress claims of various RNC plaintiffs who refused to comply with the Court's orders requiring them to provide discovery of their

mental health histories.[1] Accordingly, dismissal of Stipe's emotional distress claims is an appropriate sanction.

    For the foregoing reasons, defendants respectfully request that the Court enter an order:

1.     dismissing plaintiff Stipe's claims for emotional distress injuries and damages with prejudice;

2.     granting such further relief as it deems just and proper.

Respectfully submitted,

*Jeffrey A. Dougherty*
Jeffrey A. Dougherty

cc: Michael L. Spiegel, Esq.

7/7/08
Application granted.
SO ORDERED.
*James C. Francis IV*
USMJ

---

[1] Cohen v. City of N.Y., 05-CV-6780 (KMK) (JCF), 2007 WL 2789272, at *2-6, (S.D.N.Y. Sept. 25, 2007) (affirming dismissal of plaintiffs' emotional distress claims under *de novo* standard based on failure to provide discovery of psychiatric histories); Hershey-Wilson v. City Of New York, 05-CV-7026 (KMK) (JCF), 2006 WL 2714709 (S.D.N.Y. Sept. 20, 2006) (same). See also 11/16/06 Order in Abdell v. City of N.Y., 05-CV-8453 at ¶ 1 ("[p]laintiffs shall provide the requested information by November 30, 2006. This issue has been fully litigated and decided by the following related cases: MacNamara, 04-CV-9126 (Ruling dated Aug. 29, 2005); Hershey-Wilson, 05-CV-7026 (Order dated Feb. 2, 2006); Jarick, 05-CV-7626 (Order dated May 16, 2006); and Concepcion, 05-CV-8501 (Order dated Oct. 23, 2006).

May 28 2008 01:15pm P003/007 Fax: