# EXHIBIT DDD

REDACTED

# EXHIBIT EEE

REDACTED

# EXHIBIT FFF

REDACTED

# Exhibit GGG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -:

GWYNN GALITZER,                                    : 05 Civ. 7669 (RJS) (JCF)
                                                   :
                     Plaintiff,                    :          O R D E R
                                                   :
         - against -                               :
                                                   :
THE CITY OF NEW YORK, et al.,                      :
                                                   :
                     Defendants.                   :
- - - - - - - - - - - - - - - - - - - -:

```
┌─────────────────────────────┐
│ USDS SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #: _____         │
│ DATE FILED: 3/28/08          │
└─────────────────────────────┘
```

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

        Defendants having moved by letter dated January 22, 2008 for
an order dismissing plaintiff Gwynn Glitzer's emotional distress
and  physical injury claims, it is hereby ORDERED as follows:

        1.  Plaintiff's emotional distress claims are dismissed, as
she has declined to execute releases for relevant mental health
records.

        2.  Defendants' application to dismiss plaintiff's physical
injury claims is denied.  She has produced the relevant treatment
records, redacting information concerning unrelated conditions.


                 SO ORDERED.


                 _James C. Francis IV_____
                 JAMES C. FRANCIS IV
                 UNITED STATES MAGISTRATE JUDGE

Dated:      New York, New York
            March 27, 2008




                              1

Copies mailed this date:

Jeffrey A. Rothman, Esq.
315 Broadway, Suite 200
New York, New York 10007

Randall M. Elfenbein, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007

# Exhibit HHH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
EMILY SLOAN, CHRISTINA AIKMAN, ROBERT LESSER,
JASON PELSZYNSKI, WILLARD SCHULMEISTER, III,
MICHAEL SLADEK, and STEVEN WEAVER,

                                             PLAINTIFFS,

            -against-                        Case No:
                                    1:05-cv-07668-RJS-JCF

THE CITY of NEW YORK, HUDSON RIVER PARK TRUST,
ANTONIO BOLOGNA, Assistant Police Chief, POLICE
OFFICER TIMOTHY CAI, Shield No. 2127, JOHN DOES,
POLICE OFFICER VINCENT FORTUNATO, Shield No. 23450,
KEITH MORSE, Police Officer, Shield 22766, POLICE
OFFICER NEIL RODRIGUEZ, Shield No. 21015, RICHARD
ROES, and POLICE OFFICER JEAN VERGIN, Shield No.
09984,

                                             DEFENDANTS.
--------------------------------------------------------------X

                      DATE: October 31, 2007

                      TIME: 10:20 a.m.


            EXAMINATION BEFORE TRIAL of the Plaintiff,

EMILY SLOAN, taken by the Defendants, pursuant to a

Notice and to the Federal Rules of Civil Procedure,

held at the offices of SIMPSON THACHER & BARTLETT LLP,

425 Lexington Avenue, New York, New York 10017, before a

Notary Public of the State of New York.

```
 1   A P P E A R A N C E S:

 2

 3        JEFFREY ADAM ROTHMAN, ESQ.
               Attorney for the Plaintiffs
 4             575 Madison Avenue, Suite 1006
               New York, New York 10022
 5             BY:   JEFFREY ADAM ROTHMAN, ESQ.

 6

 7        MICHAEL CARDOZO, ESQ.
          CORPORATION COUNSEL
 8        NEW YORK CITY LAW DEPARTMENT
               Attorney for the Defendant
 9             100 Church Street
               New York, New York   10007
10             BY: BLAIRE WASSERMAN, ESQ.
                   Special Assistant Corporation Counsel
11             File #:  05SF022193
               Control #:  AAA00219
12

13

14          *         *         *

15

16

17

18

19

20

21

22

23

24

25
```

10/31/07 SLOAN

```
 1                    MR. ROTHMAN:  Read it back.
 2                    (Whereupon, the referred to question was read
 3              back by the Reporter.)
 4        A.    (No verbal response.)
 5                    MR. ROTHMAN:  Do you need to consult with me?
 6                    THE WITNESS:  Yeah, I have a question.
 7                    MR. ROTHMAN:  Okay.
 8                    (Whereupon, counsel and his client left the
 9              room from 2:16 p.m. to 2:17 p.m.)
10                    MR. ROTHMAN:  Can you just read back the
11              question, please.
12                    (Whereupon, the referred to question was read
13              back by the Reporter.)
14        A.    No.
15        Q.    Okay.
16              Did you see any -- well, put it this way.
17              Are you in therapy at the present time?
18                    MR. ROTHMAN:  Objection.
19              I instruct the -- my client not to answer the
20              question because of the psychotherapist/patient
21              privilege.
22                    MS. WASSERMAN:  You're aware of Judge Francis'
23              ruling?
24                    MR. ROTHMAN:  I'm aware of the ruling.  I'm
25              aware that the approximate result of taking this
```

10/31/07 SLOAN

1          position will likely be that Judge Francis will

2          dismiss her claims for emotional distress over my

3          objection, and we reserve our rights for appeal.

4                    MS. WASSERMAN:  Okay.

5                    Are you letting her answer that question?

6                    MR. ROTHMAN:  If she's seeing therapists now?

7                    MS. WASSERMAN:  Yes.

8                    MR. ROTHMAN:  No, I'm not.

9                    MS. WASSERMAN:  Okay.

10      Q.      **Did you see a therapist before August of '04?**

11                    MR. ROTHMAN:  Objection.

12                    I'm not going to let her disclose any other

13          information other than which she already testified

14          at the 50-H hearing.  It's not relevant to the

15          claims in the case.

16                    MS. WASSERMAN:  Well, she's claiming emotional

17          distress.

18                    MR. ROTHMAN:  We've already been through this.

19                    MS. WASSERMAN:  I understand you're saying that

20          no questions concerning her therapy, past, present,

21          or future, you're going to allow her to answer to?

22                    MR. ROTHMAN:  I let you ask whether she saw a

23          therapist as a result of this incident.  She said

24          no.  Beyond that I'm not going let her answer

25          anything about her mental health treatment.

# Exhibit III

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EMILY SLOAN, et al.,

                    Plaintiffs,

              -versus-

THE CITY OF NEW YORK, et al.

                    Defendants.
------------------------------------------------------------x

**PLAINTIFF EMILY SLOAN'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

05 CIV. 7668 (KMK) (JCF)

## <u>GENERAL OBJECTIONS</u>

1.     By responding to any request or by producing any document, plaintiff does not waive any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence in any subsequent proceeding, including the trial of this or any other action.

2.     Plaintiff objects to Defendants' First Set of Interrogatories and Request for Production of Documents to the extent that they demand documents and/or information which are protected by the attorney-client privilege, work-product privilege, physician-patient privilege, or any other applicable privilege or immunity.  Privileged information will not be produced.

3.     Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of plaintiff's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

1

Jori Stigers
28 Throop Avenue
Brooklyn, NY 11206
(860) 335-4179

2.      Identify all injuries of any kind claimed by Plaintiff as a result of the Incident and all medical, psychiatric, psychological, and other treatment provided to Plaintiff for those injuries. With respect to any such treatment provided to Plaintiff, identify the provider who treated Plaintiff, including the provider's name, address, telephone number and dates of treatment. If no injury is claimed as a result of the Incident, please so state. If no treatment was provided to Plaintiff for the injuries, please so state.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to Interrogatory No. 3 because it is beyond the scope of Interrogatories pursuant to Local Rule 33.3, overbroad, and burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving the foregoing specific objection, Plaintiff did not receive any treatment specifically for injuries stemming from the Incident.

3.      Identify all other medical, emotional and mental health conditions (a) with which Plaintiff has been diagnosed at any time; and (b) those for which Plaintiff has received treatment at any time. With respect to any such diagnoses and treatment, please identify all medical providers (including, but not limited to, doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services) who have provided diagnosis and all who have provided treatment to

4

Plaintiff for such conditions within the past ten (5) years. Please include the name, address, and telephone number of the provider, the condition(s) for which Plaintiff was treated by that provider, and the date(s) of diagnosis and treatment.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to Interrogatory No. 3 because it is beyond the scope of Interrogatories pursuant to Local Rule 33.3, overbroad, burdensome, oppressive, seeks information protected by the psychotherapist-patient privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving the foregoing specific objection, Plaintiff has not received any treatment for physical conditions similar to any physical injuries sustained during the RNC. Plaintiff will not provide any further information concerning her mental health providers or any mental health treatment.

4.    Identify all pharmacies or other providers of prescription drugs who provided prescription drugs for the benefit of Plaintiff at any time in the past ten (5) years, identifying the name, address and telephone number of the provider, the dates when such drugs were provided to Plaintiff, and the condition(s) for which they were provided.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to Interrogatory No. 4 because it is beyond the scope of Interrogatories pursuant to Local Rule 33.3, overbroad, burdensome, oppressive, seeks information protected by the psychotherapist-patient privilege, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving the foregoing specific objection, Plaintiff has not received any prescription drugs for treatment of any physical

5

14.    Complete and provide the annexed blank authorizations for release of Plaintiff's medical records including, but not limited to, records of doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services for treatment received by Plaintiff since the Incident and for the ten years prior to the Incident, including treatment for any injury resulting from the Incident.1

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14**

Plaintiff objects to Document Request No. 14 because it is overbroad, burdensome, invasive of plaintiff's privacy, calls for information protected by the physician-patient privileges, and is not calculated to lead to the discovery of admissible evidence. See response to Interrogatory No. 3.

15.    Complete and provide the annexed blank authorization for the release of all of Plaintiff's records within the possession of the New York City Police Department.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 15**

Produced along with these responses is a release for records concerning plaintiff within the possession of the New York City Police Department.

16.    Complete and provide the annexed blank authorization for Plaintiff's parole records.

19

Dated:       New York, New York
             August ___, 2007


                                    _____
                                    JEFFREY A. ROTHMAN, Esq.
                                    (JR-0398)
                                    575 Madison Avenue, Suite 1006
                                    New York, New York 10022
                                    (212) 348-9833; (212) 937-8450

                                    JOHN WARE UPTON, ESQ.
                                    (JU-9065)
                                    70 Lafayette Street
                                    New York, NY 10013
                                    (212) 233-9300

                                    Attorneys for Plaintiff Emily Sloan


To:   James Mirro, Esq.
      Assistant Corporation Counsel
      New York City Law Department
      100 Church St.
      New York, NY 10007
      Attorney for Defendants


                              24


NYC-000115739

# EXHIBIT JJJ

REDACTED

# EXHIBIT KKK

REDACTED

# Exhibit LLL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - -:
EMILY SLOAN, et al.,                    : 05 Civ. 7668 (RJS) (JCF)
                                        :
                Plaintiffs,             :      O R D E R
                                        :
     - against -                        :   **USDS SDNY**
                                        :   **DOCUMENT**
THE CITY OF NEW YORK, et al.,           :   **ELECTRONICALLY FILED**
                                        :
                Defendants.             :   **DOC #:** _____
- - - - - - - - - - - - - - - - - - - - -:   **DATE FILED:** _____
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

     Defendants having moved by letter dated January 22, 2008 to
dismiss certain claims and to compel discovery, it is hereby
ORDERED as follows:

     1.   Plaintiff Emily Sloan's emotional distress claims are
dismissed, as she had declined to execute releases for relevant
mental health records.

     2.   Defendants' application to dismiss plaintiff Steven
Weaver's emotional distress claims is denied.  The value of further
discovery on this issue is marginal.  See Fed. R. Civ. P.
26(b)(2)(C)(iii).  Some of the information relates to treatment Mr.
Weaver received as an preadolescent, and the treatment he received
following discharge from Brylin was brief and did not involve
medication.

     3.  Defendants' application to dismiss the emotional distress
claims of plaintiffs Robert Lesser, Willard Schulmeister III, Emily
Sloan, and Steven Weaver are denied.  Mr. Schulmeister, Mr. Lesser,
and Mr. Weaver have produced the requested releases for non-RNC
arrests, and Ms. Sloan shall do so by April 15, 2008.  If there is

1

a dispute concerning whether or how plaintiffs should be redeposed, counsel may present the issue to me when it is ripe.

4. Defendants' application to dismiss the economic and special damages claims of plaintiffs Christina Aikman, Jason Pelszynski, Robert Lesser, Willard Schulmeister III, Emily Stone, and Steven Weaver is denied. Each plaintiff has represented that he or she has produced all available documentation. In addition, Mr. Schulmeister has withdrawn his claim concerning $1,500 in financial aid.

5. Defendants' application for an order that Mr. Lesser disclose his tax returns is granted to the extent that by April 15, 2008 he shall produce copies of his federal returns for the years 2002, 2003, and 2004.

6. By April 15, 2008, plaintiff Christina Aikman shall produce the requested journal and photographs. No "privilege log" need be supplied with the journal provided the redactions are made by counsel.

7. By April 15, 2008, plaintiff Jason Pelszynski shall produce the requested photographs and written records concerning the RNC, protest activity, or his arrest.

8. Defendants' request for an order limiting plaintiffs' introduction of clothing as evidence at trial is denied. This issue was improperly raised for the first time in defendants' reply letter. In any event, the application is properly addressed to Judge Sullivan at the time of trial.

2

SO ORDERED.

_James C. Francis IV_
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           March 28, 2008

Copies mailed this date:

Jeffrey A. Rothman, Esq.
315 Broadway, Suite 200
New York, New York 10007

Odile Farrell, Esq.
Special Assistant Corporation Counsel
100 Church Street
New York, New York 10007

3

# EXHIBIT MMM

REDACTED

# EXHIBIT NNN

REDACTED

# EXHIBIT OOO

UNITED STATES DISTRICT COURT                        (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
LASHLEY CARNEY, RANDY XU, DELMAR     : 05 Civ. 7672 (RJS) (JCF)
CONKLIN, DAVID BECKER, SARA          :
HEIFETZ, CHARITY JAMES, and          :
HANNAH JANEWAY,                      :          O R D E R
                                     :
              Plaintiffs,            :
                                     :
    - against -                      :
                                     :
THE CITY OF NEW YORK, et al.,        :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/08

     Defendants having moved by letter dated January 22, 2008 to
dismiss certain claims and to compel discovery, it is hereby
ORDERED as follows:

     1.  The emotional distress claims of plaintiff David Becker
are dismissed, as he has declined to produce releases for relevant
mental health records.

     2.  Defendants' application to dismiss the emotional distress
claims of plaintiff Delmar Conklin is denied.  Mr. Conklin provided
the information requested of him for the period identified in
defendants' interrogatories.

     3.  Defendants' application to dismiss the emotional distress
claims of plaintiff Sara Heifetz is denied.  Ms. Heifetz provided
the information requested of her for the period identified in
defendants' interrogatories.

     4.  Defendants' application to dismiss the emotional distress
claims of plaintiff Charity James is denied for failure to meet and

confer. By April 15, 2008, Ms. James shall provide the requested releases for the records of Dr. Susan Cross. If there is a dispute concerning whether or how plaintiff should be redeposed, I will address the issue when it is ripe.

5.    The emotional distress claims of Randy Xu are dismissed, as he has declined to produce releases for relevant mental health records.

6.    By April 15, 2008, plaintiff Randy Becker shall produce the requested release for the records of Dr. Parikh.

7.    The defendants' application to dismiss the physical injury claims of plaintiff Charity James is denied.    Defendants have failed to identify any health care providers for whom they have not received releases, even though they presumably asked about such providers at plaintiff's deposition.

8.    Defendants' application to dismiss the physical injury claims of plaintiff Hannah Janeway is denied.    Ms. Janeway has represented that she received no treatment and therefore can provide no releases.

9.    By April 15, 2008, plaintiffs David Becker, Delmar Conklin, and Hannah Janeway shall produce releases for non-RNC arrests.    Failure of defendants to meet and confer precludes dismissal of the false arrest and emotional distress claims of these plaintiffs.

10.    By April 15, 2008, plaintiff David Becker shall produce (a) all documentation of lost income, (b) any CCRB documents, (c) the requested video, and, (d) if he claims physical injury based on

2

11. By April 15, 2008, plaintiff Charity James shall produce all documentation of lost earnings.

12. By April 15, 2008, plaintiff Hannah Janeway shall produce all documentation of lost income and expenses related to her criminal trial.

13. Defendants' request for an order limiting plaintiff's introduction of clothing as evidence at trial is denied. This issue was improperly raised for the first time in defendants' reply letter. In any event, the application is properly addressed to Judge Sullivan at the time of trial.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          March 27, 2008

Copies mailed this date:

Jeffrey A. Rothman, Esq.
315 Broadway, Suite 200
New York, New York 10007

Fred M. Weiler, Esq.
Randall M. Elfenbein, Esq.
Special Assistant Corporation Counsel
100 Church Street
New York, New York 10007

3